## THE NOMAD.

## JACOBSEN v. ROSS.

## ROSS v. JACOBSEN.

District Court, D. New Jersey.
Dec. 15, 1932.

Haight, Smith, Griffin & Deming, of New York City, and E. & Runyon Colie, of Newark, N. J. (Arnold W. Knauth, of New York City, of counsel), for libelant.

Alexander, Ash & Jones, of New York City (Edward Ash and Max Taylor, both of New York City, of counsel), for respondent.

FAKE, District Judge.

Jacobsen, the charterer, entered into a charter party with Ross, the owner of the yacht Nomad. Under the terms of the charter party, Ross agreed to deliver the said yacht to Jacobsen at Edgartown, Mass., "in commission and in proper working order * * * in good condition throughout and ready for service."

Ross provided the crew and paid their wages. Possession of the yacht passed to Jacobsen under the terms of the charter, and, with a party of friends, he set out on a cruise. They had not, proceeded very far when trouble developed with the clutch and they visited a shipyard for repairs. An examination of the clutch by mechanics disclosed that it was frozen in an ahead position so it was impossible to reverse the propeller and the motor could not be started. Repairs were made to the clutch and again they set out and again the clutch froze. There is much testimony concerning the clutch, and weighing it all leads to the conclusion that it was a very old clutch, not properly lubricated, and in a poor condition when Jacobsen took possession. There is nothing at all convincing to show that the clutch was improperly operated. The conclusion here is that it was not in proper working order when the yacht was turned over to Jacobsen. This constitutes a breach of the terms of the charter party above quoted and is sufficient to justify Jacobsen's rescission.

A decree will be entered dismissing the cross-libel of Leland Ross, and libelant Emil Jacobsen is entitled to a decree for the repayment of the charter hire with his reasonable expenses, interest and costs.